Memorandum. We conclude that orders of the Public Service Commission granting Consolidated Edison Company a certificate of environmental compatibility and need and authorizing construction of a 37-mile high voltage electric power transmission line should be upheld.
 

 Since 1966 there have been utility plans for the construction of a southern tier transmission facility to include two segments — a north-south segment and an east-west segment. Extensive hearings were had on Consolidated Edison’s application at which various alternative routes were proposed and considered. The commission found a need for both a north-south and an east-west segment and approved specific routes for each. On application for rehearing, the commission adhered to its determinations with respect to the north-south segment but severed all issues affecting the east-west segment and directed the taking of additional proof with respect thereto. Judicial review was sought with respect to the proposed north-south route, and the determinations of the commission in this regard were upheld
 
 (County of Orange v Public Serv. Comm.,
 
 39 AD2d 311, affd 31 NY2d 843).
 

 Following the reopened hearings with respect to the east-west route, on the basis of the original and the additional proof, the commission certified an east-west route proposed by
 
 *764
 
 the commission’s staff. Petitions for review were filed in the Appellate Division, Third Department, challenging various aspects of the commission’s east-west route decisions. That court concluded that there was substantial evidence supporting the commission’s finding that there is a need for the east-west leg of the southern tier interconnection and upheld the commission’s authority to certify the route proposed by its staff. The Appellate Division, however, found that the commission’s authorization of overhead construction of the line through the proposed Orange County park and the Delaware and Hudson Canal site, although parallel to an existing overhead transmission line, was arbitrary and unreasonable. Substituting its own determination for that of the commission, the Appellate Division directed underground construction of this portion of the approved route.
 

 We conclude that the record contains substantial evidence to support the commission’s finding of need for the east-west segment and we have no doubt that the commission has authority to certify a route first proposed by its own staff. In our view, too, the commission gave appropriate consideration to alternative routes proposed for the east-west segment and reasonably concluded that the route certified "represents the minimum adverse environmental impact, considering the state of available technology and the nature and economics of the various alternatives, and other pertinent considerations” (Public Service Law, § 126, subd 1, par [c]). To this extent we agree with determinations reached at the Appellate Division. We differ with that court, however, in its direction for underground construction of a portion of the proposed route. The record discloses extensive proof and consideration of the feasibility and merit of underground construction. In our view the determination of the commission that underground construction was not necessary (Public Service Law, § 126, subd 1, par [d], cl [1]) was reasonable and was supported by substantial evidence. Accordingly it cannot be held that the orders of the commission in this respect were arbitrary or capricious or involved an abuse of discretion. Contrary to the view expressed at the Appellate Division the significance to be attached, in prescribing new routes, to the presence of existing transmission lines is a matter primarily for evaluation by the commission. We think it is improper to say that the existence of such lines may never be used in justification as it is to say that they must always be so used. In any event the commis
 
 *765
 
 sion’s determination was based on far more than the mere presence of an existing overhead transmission line.
 

 The scope of judicial review in these matters is very limited (Public Service Law, § 128). In the present context there is no occasion for judicial intervention unless the determinations made by the commission are found not to be supported by substantial evidence in the record or by information properly considered in the opinion or are found to be arbitrary, capricious or an abuse of discretion. On the record now before us there is no predicate for judicial intervention here.
 

 The contention that the commission erred in rejecting the Town of Hamptonburgh’s posthearing offer of proof is without merit.
 

 Accordingly the order of the Appellate Division should be modified and the orders of the Public Service Commission confirmed in all respects.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
 

 Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.