In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, v NEW YORK STATE PUBLIC SERVICE COMMISSION, Respondent.

Third Department, July 8, 1976

*Walter A. Morris, Jr., (Joy Tannian* and *Richard Babinecz* of counsel), and *Kronish, Lieb, Shainswit, Weiner & Hellman (Bernard L. Sanoff* of counsel), for petitioner.

*Peter H. Schiff (Frank S. Robinson* of counsel), for respondent.

KOREMAN, P. J. Petitioner seeks review of the determination made by the respondent granting it a rate increase for electric service to produce additional annual revenues of $338.7 million. It is contended that in arriving at its determination respondent failed to include a reasonable allowance for Federal income taxes.

The responsibility of the Public Service Commission is to establish rates that will give a utility a reasonable opportunity to earn a fair return on its investment, during the future period following a rate determination (Public Service Law, § 72). In arriving at the amount of total revenues, and consequently, the rates for electric service, required to yield a fair return to the utility on its investment, Federal income taxes which will be payable by the utility if these revenues are actually earned must be taken into account *(Board of Comrs. v New York Tel. Co.,* 271 US 23; *Galveston Elec. Co. v Galveston,* 258 US 388; *Matter of New York Edison Co. v Maltbie,* 244 App Div 436). In other words, the utility is entitled to a fair after-tax return on its investment. It is settled regulatory law that a utility company's future rates cannot be increased in order to reimburse the utility for past deficiencies in its earnings *(Board of Comrs. v New York Tel. Co., supra; Matter of New York Edison Co. v Maltbie, supra).* But that would be the precise effect of permitting the utility to charge consumers more for taxes than its actual tax expense.

Petitioner contends that in determining the rate increase required in order for it to earn a fair return on its investment after allowance for all operating expenses, including Federal income taxes, respondent improperly reduced the allowance for Federal income taxes by taking into account certain tax carry-forwards available to petitioner to reduce these taxes. These carry-forwards were not used in prior years because

petitioner had no Federal income tax liability in those years, and were therefore subject to being carried forward under the provisions of the Internal Revenue Code. In this proceeding petitioner takes the position that the items carried forward were taken into account in previous rate cases, resulting in a reduction of the allowance for Federal taxes and of the amount of the rate increase awarded in those prior years. Thus, petitioner argues that the consumers have already received the benefits of the carry-forwards in prior years, and that in now considering these same items again, respondent is counting them twice in its computation of revenues required to yield a fair return to petitioner. We are not persuaded by this argument.

The scope of judicial review in these matters is, of course, very limited *(Matter of County of Orange v Public Serv. Comm. of State of N.Y.,* 37 NY2d 762; *Matter of Legislature of County of Rockland v New York State Pub. Serv. Comm.,* 49 AD2d 484) and we may interfere "only for erroneous determination of a question of law" *(People ex rel. Consolidated Water Co. v Maltbie,* 275 NY 357, 366). The question before us is whether there is a rational basis for the commission's finding that the rates in question are just and reasonable, and "not whether the commission has made a determination wholly free from error in the process, or quite in accord with a judicial view of how the procedure before the commission should be managed in detail" *(Matter of City of New York v Public Serv. Comm. of State of N.Y.,* 17 AD2d 581, 584, mot for lv to app den 13 NY2d 594). While the carry-forwards may have served to reduce petitioner's rate increases in prior years, nevertheless, it is not disputed that these carry-forwards of past investment credits, net operating losses, and charitable contribution deductions are available to reduce petitioner's tax liability on its earnings under the new rates. Had the commission ignored them in the present case, it would have resulted in an unrealistic and high tax allowance, and in turn, in a higher rate increase than would otherwise be required for petitioner to obtain a fair and reasonable return on its investment. Rates approved by the commission should consist only of that which is just and reasonable, and should not include an additional amount representing a savings in taxes, as urged by petitioner *(Matter of Long Is. Water Corp. v Public Serv. Comm. of State of N.Y.,* 49 AD2d 392). Other than the accomplishment of a just and reasonable result there

is no requirement in law that any specific factors should be considered in fixing utility rates, nor that any be excluded from consideration *(Matter of New York Tel. Co. v Public Serv. Comm. of State of N.Y.,* 309 NY 569; *Power Comm. v Pipeline Co.,* 315 US 575).

We conclude that the challenged determination was proper and equitable, and should be upheld as a valid exercise of respondent's authority.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, MAIN, HERLIHY and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.