In the Matter of NIAGARA MOHAWK POWER CORPORATION, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, November 10, 1976

*John H. Terry (John W. Keib* of counsel), for petitioner.

*Peter H. Schiff* and *Frank S. Robinson* for respondent.

HERLIHY, J. In August of 1973 the petitioner and the New York State Electric and Gas Corporation jointly applied to the respondent for a certificate of environmental compatibility and public need with respect to a 345,000-volt electric transmission line some 65 miles long and running from a location in the Town of La Fayette, Onondaga County, to a point in

the Town of Union, Broome County. Public hearings were held as required by article VII of the Public Service Law and the commission in considering all of the evidence found that there was a public need for the construction and that the least adverse environmental impact would result from a modification of the proposed primary route to utilize a portion of an existing transmission line right of way and in conjunction therewith that a certain portion of the existing line should be relocated to an underground position. The petitioner, as might be expected, does not object to the finding of need for the construction, but does, *inter alia,* object to the findings that use of the existing right of way is the most desirable and/or that the condition of the order directing consolidation and undergrounding of pre-existing facilities in the right of way is either in excess of the power of the respondent under article VII or constitutes a taking of property without due process.

The portion of the existing right of way to be used for construction as ordered by the respondent was originally proposed by the petitioner as an alternate to its "preferred" route. While the petitioner points to many facets of the evidence which tend to establish that its preferred route was superior, nevertheless, it is apparent that in terms of rights of way, there will be less clearing of land involved by using the alternative route certified. The petitioner in its brief concedes that at portions of its preferred route it utilized existing rights of way or consolidated existing lines. It was stated in the case of *Matter of County of Orange v Public Serv. Comm. of State of N. Y.* (37 NY2d 762, 765) that the scope of judicial review in these proceedings is "very limited". That the record contains substantial evidence to support the respondent's decision is disclosed in the petitioner's brief and in the context of this case it cannot be said that the respondent's preference for the use of an existing right of way is so unreasonable as to be an abuse of discretion or otherwise arbitrary and capricious.

The petitioner's attack upon the power of the respondent to order a consolidation of pre-existing facilities and in conjunction therewith an undergrounding of a portion of such pre-existing facilities as a condition of the permission to proceed with construction has no substantial merit.

Subdivision 2 of section 126 of the Public Service Law expressly provides that the respondent may modify the proposed location of a new facility. Subdivision 1 of section 126 provides that the application may be granted "upon such

terms, conditions, limitations or modification of the construction or operation of the facility as the commission may deem appropriate". It is further provided in section 126 (subd 1, par [d]) that the respondent must find "what part, if any, of the line shall be located underground". Inasmuch as undergrounding in general is directly a question for the respondent, the issue would be whether or not consolidation of old with proposed new facilities is within the power of the respondent. In this regard, the power of the respondent to reduce excessive environmental impact by utilizing existing rights of way would very likely be negated if some form of consolidation were not utilized. Consolidation is merely an incident of the over-all duty of the respondent to minimize the impact of new construction on the environment (see *Tyminski v Public Serv. Comm. of State of N. Y.,* 38 NY2d 156, 159). The petitioner has not established that the respondent cannot as a valid condition require consolidation of facilities. The narrow construction which petitioner seeks in interpreting article VII of the Public Service Law would hinder the intent and purpose of the law.

The petitioner contends that there has been a "taking" of its property by virtue of the consolidation and undergrounding. However, the condition imposed is clearly not a taking but simply a condition with which the petitioner must comply *if* it wants to proceed with its plans. In any event, in the process of rate-making, the various costs incurred in construction projects are taken into consideration.

It is to be noted that the petitioner's contention that the viewing of the proposed and alternate locations by some or all of the respondent's members is somehow prejudical or erroneous in this administrative proceeding is not sustained. There is no suggestion that the viewing was for anything other than the purpose of understanding the evidence before it and such action is not prohibited by article VII. It should be further noted that the petitioner did not avail itself of the opportunity to object or attend the viewing, of which it had notice.

The remaining contentions of the petitioner have been examined and are found to be without any substantial merit.

The order should be confirmed, and the petition dismissed, without costs.

SWEENEY, J. P., KANE, MAHONEY and LARKIN, JJ., concur.

Order confirmed, and petition dismissed, without costs.