■ In the Matter of Peter A. Bakal et al., Petitioners, v Public Service Commission of the State of New York et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul an order of the Public Service Commission. On December 9, 1976, Boris and Annette Squire, doing business as Air Page (Air Page), filed a petition to amend their certificate of public convenience and necessity to permit construction of an additional base station transmitter. Under its existing certificate, Air Page may operate a radio telephone utility (RTU) and it sells paging services with "tone only" and with "tone and voice" electronic pagers. The additional transmitter is expected to enhance service to existing customers by giving improved reception as well as expand Air Page's service territory into an area now served by petitioners. Following a hearing, the Public Service Commission (Commission) issued an order amending Air Page's certificate. Where similar services are being rendered in all or part of the area proposed to be served by an applicant for a certificate of public

convenience and necessity, the applicant must show "the public need for the proposed service, including, but not limited to: (1) the adequacy of the existing service to meet the reasonable needs of the public in the territory involved, (2) the ability and willingness of the present operator(s) to provide such reasonably adequate service, and (3) the degree of competition desirable or required by the public interest" (16 NYCRR 21.3 [g]). Petitioners contend that no need for the proposed transmitter exists and that it will result in destructive competition and economic harm. They request that we annul the Commission's determination based upon their contention that Air Page failed to submit sufficient evidence to satisfy the above requirements. We decline to do so. It is settled that we may not substitute our judgment for that of the Commission as to the degree of competition which will best serve the public interest *(Matter of New York State Council of Retail Merchants v Public Serv. Comm. of State of N. Y.,* 45 NY2d 661, 672). Considered in its entirety, the record contains a rational basis to support the Commission's determination. We have examined the other contentions raised by petitioners and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.