■ In the Matter of GENERAL MOTORS CORPORATION, Petitioner, v PUBLIC SERVICE COMMISSION et al., Respondents. (Proceeding No. 1.) In the Matter of MULTIPLE INTERVENORS, Petitioners, v PUBLIC SERVICE COMMISSION et al., Respondents. (Proceeding No. 2.) — Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Public Service Commission which approved rate designs using a marginal energy cost pricing method. In the first proceeding under review, the Public Service Commission sought to consider the marginal cost study of Rochester Gas and Electric Corporation (RG&E) and its development of marginal cost-based rates. The commission concluded that financial lambdas, which are herein designated to mean the prices paid or received by a utility for electricity bought or sold through the New York Power Pool (NYPP), were to be considered in designing RG&E's rates. Petitioner General Motors Corporation (GM) argues in this proceeding that the commission's consideration of financial lambdas was

arbitrary and capricious. Petitioner Multiple Intervenors (MI) seeks review in the second proceeding of the commission's determination in a case involving the electric rate design of the New York State Electric and Gas Corporation (NYSEG). In this case, the commission also considered financial lambdas and MI challenges their utilization by the commission. The use of marginal cost in establishing rates has been approved by the Court of Appeals (*Matter of New York State Council of Retail Merchants v Public Serv. Comm.*, 45 NY2d 661) and is not challenged herein by petitioners. The use of a marginal cost theory involves a determination as to the cost of producing an additional unit of electricity or the value of resources that would be saved by producing one less unit of electricity. In determining marginal energy costs, the commission has determined that financial lambdas should be considered. This is due to the fact that the utilities are connected to the NYPP and purchase and sell electricity through the pool. Petitioners urge that marginal energy costs should be computed solely on the basis of their own individual internal marginal energy costs. In determining utility rates, the commission must reach a just and reasonable result but there is no requirement that any specific factors be considered or excluded from consideration (*Matter of Consolidated Edison Co. of N. Y. v New York State Public Serv. Comm.*, 53 AD2d 131, 133, 134, mot for lv to app den 40 NY2d 803). It is only where the commission's exercise of judgment is without any rational basis or without any reasonable support in the record that the determination may be set aside (*Matter of New York State Council of Retail Merchants v Public Serv. Comm.*, 45 NY2d 661, 672, *supra*). Petitioners urge that the commission has deviated from its policy expressed in a previous case that rates should not reflect State-wide costs while the current capacity responsibility arrangement remains in effect or until there is evidence that doing so will increase costs (__ NYPSC __, Opinion 79-3, Case 26806). In that decision, however, the commission also indicated that the impact of the NYPP's operations on individual member company costs should not be ignored in the ratemaking process. In our view, the present determinations under review do not evidence a change in policy on the part of the commission. It is also argued that the use of financial lambdas in ratemaking violates the franchise concept of public utilities by depriving the customers of more efficient utilities of the benefits of the lower running costs of the plants for which their rates have paid. While customers of utilities are entitled to just and reasonable rates (Public Service Law, § 65, subd 1), they do not acquire any interest in the property of the utility or its funds (*Board of Comrs. v New York Tel. Co.*, 271 US 23). We are of the opinion that the commission's decision to consider the impact of purchases and sales of electricity through NYPP is not arbitrary or capricious in this regard. Upon our review of the record, we conclude that there is a rational basis to support the commission's determinations and considering the limited scope of our review in these matters we may not substitute our judgment for that of the commission (see *Matter of Cohalan v Gioia,* 88 AD2d 722). Accordingly, the determinations must be confirmed. Determinations confirmed, and petitions dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.