■ In the Matter of DORIS DELANEY, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of TOWN OF LAURENS et al., Petitioners, and OTSEGO COUNTY et al., Petitioners-Intervenors, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.)— Proceedings pursuant to Public Service Law § 128 to review an order of the Public Service Commission of the State of New York, dated May 6, 1985, which (1) denied an application for a rehearing of its determination, dated January 30, 1985, granting the respondent Power Authority of the State of New York a certificate of environmental compatibility and public need to construct the proposed Marcy-South power transmission project and (2) adhered to its original determination.

Justice Weinstein has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Adjudged that the order is confirmed and proceedings dismissed on the merits, with one bill of costs.

Pursuant to Public Service Law article VII, the respondent Power Authority of the State of New York (PASNY) filed an application in 1982 with the respondent Public Service Commission of the State of New York (the commission) for a certificate of environmental compatibility and public need authorizing the construction of a dual circuit electrical power transmission line known as the Marcy-South 345kV Transmission Facilities. The proposed project called for the installation of a transmission line approximately 200 miles in length which would extend from a power substation in Oneida County to a proposed power substation in Dutchess County in order to facilitate the transport of large amounts of Canadian hydroelectric power. Prehearing conferences were held before two Administrative Law Judges on January 4, 1983 and April 5, 1983 to review PASNY's application, and eight sets of public statement hearings were conducted, pursuant to Public Service Law § 123, in the Towns of Marcy, Herkimer, Cooperstown, Delhi, Monticello, Goshen, and Wappinger Falls, respec-

tively. Formal evidentiary hearings commenced on April 18, 1983, and continued through February 2, 1984, resulting in a voluminous record.

On June 21, 1984, the Administrative Law Judges issued a lengthy decision recommending the conditional certification of a substantially modified Marcy-South Facilities. On January 30, 1985, a majority of the members of the commission, after making further modifications in the proposal, adopted the findings and conclusions of the Administrative Law Judges and granted a certificate of environmental compatibility and public need. The commission thereafter denied an application by the petitioners for a rehearing, and adhered to its prior determination. The petitioners then commenced the instant proceedings to review the determination of the commission. We find their arguments unpersuasive and we therefore confirm said determination.

Initially, we reject the petitioners' contention that the commission unlawfully failed to weigh and balance the adverse environmental impacts of the proposed transmission facilities against the strong public need for energy and the economic and noneconomic benefits which the facilities offer. While we recognize that Public Service Law § 126 (1) (b) requires the commission to fully consider environmental issues in reaching its decision, the instant record clearly demonstrates that the commission undertook a thorough evaluation of the pertinent environmental factors before deciding to certify the proposed project. Indeed, the record is replete with testimony and exhibits evincing an strong concern for environmental considerations, and the Administrative Law Judges devoted the bulk of their recommended decision to a detailed review and analysis of a myriad of environmental factors, including agriculture, threatened and endangered species of wildlife, visual impacts, noise levels, archeological impacts, impacts on wetlands, and other similar concerns. The commission then engaged in a similar balancing of factors and further modified the proposed route of the facilities in order to minimize any adverse environmental impacts. Based on the record, we conclude that the commission fully complied with the requirements of Public Service Law § 126 (1) in analyzing the need for the project, its probable environmental impacts, and the manner in which those impacts could be reduced. Moreover, we find that the commission's procedure in according great weight to environmental issues and in undertaking a careful balancing of the relevant evidence fully comported with the spirit and substance of the Environmental Conservation Law

and of NY Constitution, article XIV, § 4 *(see generally, Matter of Hamilton v Diamond,* 42 AD2d 465, *lv denied* 34 NY2d 516). The petitioners further contend that the commission erroneously shifted the burden of proof on the issue of the applicability of local laws and ordinances from PASNY to the individual municipalities, and they likewise argue that PASNY failed to satisfy its burden with regard to this issue. We disagree. Public Service Law § 126 (1) (f) permits the commission to waive the applicability of such laws upon proof that they are "unreasonably restrictive" on PASNY's ability to construct a transmission facility which will best serve the public interest. PASNY has the burden of establishing that a law is "unreasonably restrictive" *(see, Koch v Dyson,* 85 AD2d 346, 349). The record reveals that the commission properly placed this burden upon PASNY and that said burden was overwhelmingly satisfied, for PASNY submitted along with its application a comprehensive 27-page list of local laws and a brief description of the manner in which they would interfere with the Marcy-South project. Moreover, PASNY adduced testimony from a number of experts regarding the interference and infinite construction delays which compliance with these local laws would occasion. Finally, a lengthy and detailed analysis of all objectionable local laws and their deleterious effects upon the proposed facilities was admitted into evidence. Therefore, the commission's determination to waive the applicability of these laws with regard to the proposed project was supported by evidence in the record and fully complied with the requirement of Public Service Law § 126 *(see, e.g., County of Orange v Public Serv. Commn.,* 39 AD2d 311, *affd* 31 NY2d 843). Moreover, none of the petitioners submitted any evidence to attempt to rebut PASNY's case.

The petitioners' challenge to the dependability and enforceability of the energy contract between PASNY and Hydro-Quebec, a Canadian public utility, is similarly unavailing. The evidence before the commission indicated that a breach of the contract was extremely unlikely because the agreement provided mutual economic benefits to the parties. Additionally, the commission noted that a favorable prior course of dealing existed between the parties by virtue of their performance under two other energy contracts into which they had entered. Thus, there was ample evidence to sustain the commission's conclusion that the challenged contract would provide a dependable source of electrical power, and it did not err in rejecting petitioners' speculative and conclusory arguments to the contrary.

Finally, we reject the contention of the *amici curiae* that the commission acted arbitrarily in certifying the double-circuit Marcy-South Facilities instead of a proposed single-circuit alternative. While the evidence before the Administrative Law Judges established that the double-circuit transmission line would have a somewhat more adverse impact upon the environment, the commission's determination was reasonable in light of the superior long-term economic benefits of the double-circuit facility and the improved system reliability, reduced transmission line losses, increased system flexibility and enhanced strategic capabilities which it offered. Moreover, the commission minimized the adverse environmental impacts of the certified facilities by adopting line-routing alternatives which avoided the areas of Otsego Lake, Glimmerglass State Park, Cherry Valley, Crumhorn Mountain, Goodyear Lake, and the Catskill State Park and Forest Preserve. Hence, in applying the substantial evidence standard of review to the commission's determination *(see,* Public Service Law § 128 [2]; *see also, Matter of County of Orange v Public Serv. Commn.,* 37 NY2d 762; *Atwell v Power Auth.,* 67 AD2d 365, *lv denied sub nom. Matter of Upset, Inc. v Public Serv. Commn.,* 49 NY2d 797; *Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.,* 54 AD2d 225), we find that the determination of the commission was fully supported by the evidence and was neither arbitrary and capricious nor an abuse of discretion. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.