■ In the Matter of the CITY OF NEW ROCHELLE, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to Public Service Law § 128 to review so much of an order dated August 9, 1988, as denied the petitioner's application for reconsideration of so much of an order dated May 18, 1988, as, after a hearing, determined that a transition station in Westchester County should be located at Davenport Neck rather than on Echo Bay.

Adjudged that the order dated August 9, 1988 is affirmed insofar as reviewed, with one bill of costs.

It is clear from the record that there exists substantial evidence supporting the determination that use of the Echo Bay site would increase the need for dredging and blasting, create a potential need to close the harbor area during construction, increase adverse effects on the marine environment and, because there are sewer lines which would create obstacles to construction, cause increased costs and delays.

On the other hand, the determination to certify the Davenport Neck site for placement of the transition station is supported by substantial evidence of compatibility with the area which is mixed residential and industrial in nature. Furthermore, we note the absence of long-term noise or visual impact, heightened engineering feasibility, and decreased costs and delays. Thus, there was substantial evidence that the location of the transition station in Davenport Neck has a minimum adverse environmental impact *(see,* Public Service Law § 126 [2]; § 128 [2]; *see also, Matter of County of Orange v Public Serv. Commn.,* 44 AD2d 103, 105, *mod on other grounds* 37 NY2d 762, 764).

There is also substantial evidence in the record that the selection of the Davenport Neck transition station site does not contravene the policies embodied in the Waterfront Revitalization and Coastal Resources Act *(see,* Executive Law § 910 *et seq.).* The transition station is located on Davenport Avenue rather than the waterfront, and it permits continued development of the waterfront in accordance with any of the City of New Rochelle's revitalization plans *(see,* Executive Law § 912; 19 NYCRR 600.5).

The Open Meetings Law was not violated when the Public Service Commissioners toured the proposed routes. That tour was intended to provide the Commissioners with a greater

understanding of the evidence, and a summary report of the tour was properly provided to the parties *(see,* Public Officers Law §§ 100, 104, 106; *Niagara Mohawk Power Corp. v Public Serv. Commn.,* 54 AD2d 225, 227).

We have considered the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.