■ In the Matter of CNG TRANSMISSION CORPORATION, Petitioner, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents, and ROCHESTER GAS AND ELECTRIC CORPORATION, Intervenor-Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner CNG Transmission Corporation commenced this proceeding pursuant to Public Service Law article VII to annul the Public Service Commission's (PSC) determination to grant the application of Empire State Pipeline for a certificate of environmental compatibility and public need to construct a

gas transmission pipeline. On June 16, 1988 Empire applied to the PSC pursuant to article VII of the Public Service Law for a certificate of environmental compatibility and public need to construct and operate a 155-mile natural gas pipeline from the Canadian border in the vicinity of Grand Island to Syracuse, New York. That pipeline would transport to markets along the route a daily average volume of 150 million cubic feet of natural gas. Due notice of the application was served pursuant to Public Service Law § 124 and, at its request, petitioner was made a party to the proceedings (see, Public Service Law § 124 [1]). After extensive hearings, on March 1, 1991 the PSC adopted in part the recommended decision of the Administrative Law Judge and granted the certificate of environmental compatibility and public need. CNG's petition for rehearing was denied by the PSC on September 23, 1991.

In its petition CNG seeks to annul the PSC's determination on the grounds that it was not supported by substantial evidence, was not made in accordance with statutory procedures, and was arbitrary and capricious or an abuse of discretion (see, Public Service Law § 128). From our review of the record, we conclude that there was substantial evidence to support the PSC's determination to grant the certificate and, therefore, there is no basis for judicial intervention (see, Matter of County of Orange v Public Serv. Commn., 37 NY2d 762, 765). The PSC's determination that there is a need for the Empire pipeline was supported by evidence that the present demand for gas transportation services exceeds the capacity of the present pipeline system; that the demand for additional capacity will continue to increase in the future; that the pipeline would introduce competition into a monopolistic marketplace and thus lower prices to consumers; that Empire's pipeline would enhance access to diverse markets of natural gas and would improve the availability and reliability of services; that Empire's plan would provide presently unavailable innovative gas pipeline services; and that there is a strong customer interest in using the Empire pipeline. Numerous witnesses also testified that the current pipeline system was inadequate and that Empire's pipeline would enhance the efficiency of the transportation of natural gas to users. The need for the facility (Public Service Law § 126 [1] [a]) and whether the facility would serve the public interest, convenience and necessity (see, Public Service Law § 126 [1] [g]), are within the expertise of the PSC to determine, and great deference should be given to the PSC's interpretation of its own enabling statute (see generally, Kurcsics v Merchants Mut.

*Ins. Co.,* 49 NY2d 451, 459; *Matter of County of Orange v Public Serv. Commn.,* 37 NY2d 762, *supra; Matter of Bakal v Public Serv. Commn.,* 70 AD2d 699, 699-700). Because the record provides a rational basis for the PSC's determination that there is a need for the facility, we may not substitute our judgment for that of the commission *(see, Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 672).

The record also supports the PSC's findings and determinations regarding "the nature of the probable environmental impact" of the facility and "that the facility represents the minimum adverse environmental impact, considering the state of available technology and the nature and economics of the various alternatives, and other pertinent considerations including but not limited to, the effect on agricultural lands, wetlands, parklands and river corridors traversed" (Public Service Law § 126 [1] [b], [c]). The PSC is not required to conduct a comparative evaluation of competing pipeline proposals before making a determination to issue a certificate of environmental compatibility and public need *(see, Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.,* 164 AD2d 502, 504, *lv denied* 77 NY2d 808). In any event, the PSC considered the eleventh-hour alternative proposal of CNG to build an alternative pipeline and rejected it because it failed to present sufficient information to determine the proposal's environmental impact. Additionally, to permit a last minute alternative proposal requiring a rehearing of the matter would result in inappropriate delays in the certification process.

We have reviewed petitioner's remaining contentions and find them to be without merit. (Original Proceeding Pursuant to Public Service Law § 128.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.