Matter of Citizens for the Preserv. of Wainscott, Inc. v New York State Pub. Serv. Commn. (2023 NY Slip Op 02510)

Matter of Citizens for the Preserv. of Wainscott, Inc. v New York State Pub. Serv. Commn.

2023 NY Slip Op 02510

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-06582

[*1]In the Matter of Citizens for the Preservation of Wainscott, Inc., petitioner, 
v
New York State Public Service Commission, et al., respondents.

Bond, Schoeneck & King, PLLC, Syracuse, NY (Kevin M. Bernstein and Claire G. Bopp of counsel), for petitioner.
Robert Rosenthal, Albany, NY (John J. Sipos, Ryan Coyne, and Daniel Becker of counsel), for respondent New York State Public Service Commission.
Couch White, LLP, Albany, NY (Leonard H. Singer of counsel), for respondent South Fork Wind, LLC.

DECISION & JUDGMENT
Proceeding pursuant to Public Service Law § 128 and CPLR article 78 to review a determination of the New York State Public Service Commission dated August 12, 2021, denying the petitioner's application for a rehearing of a determination dated March 18, 2021, which, after a hearing, granted the application of South Fork Wind, LLC, for a certificate of environmental compatibility and public need with respect to the construction and operation of a high-voltage electric transmission cable in connection with a certain offshore windfarm project.
ADJUDGED that the determination dated August 12, 2021, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In 2017, South Fork Wind, LLC (hereinafter SFW), entered into an agreement with the Long Island Power Authority to construct, operate, and maintain a wind farm off the shores of the South Fork of Long Island. An essential component of the subject wind farm project included the construction and installation of a high-voltage electric transmission cable connecting the offshore wind turbine generators to an onshore interconnection facility, referred to as the South Fork Export Cable (hereinafter SFEC).
In order to construct the SFEC, SFW was required to apply for and receive, inter alia, a certificate of environmental compatibility and public need (hereinafter CECPN) from the Public Service Commission of the State of New York (hereinafter the Commission) pursuant to Public Service Law article 7 (see Public Service Law § 121[1]). SFW submitted a CECPN application to the Commission which proposed bringing the SFEC onshore on Wainscott Beach at the foot of Beach Lane in the Hamlet of Wainscott, located in the Town of East Hampton, at which point the SFEC would run underground to an interconnection facility (hereinafter the Beach Lane route). The Commission conducted a review process that included documentary and testimonial submissions from SFW and other parties in support of the application, as well as from parties in opposition to the application.
The petitioner, Citizens for the Preservation of Wainscott, Inc. (hereinafter CPW), [*2]a local group of concerned citizens and residents of Wainscott, opposed the Beach Lane route during the underlying administrative proceedings before the Commission on various grounds, including, inter alia, that the Beach Lane route posed a risk of causing serious environmental danger, such as the release of cancer-causing per- and polyfluoroalkyl substances (hereinafter PFAS) during the trenching phase of construction. CPW submitted to the Commission three alternative routes for the SFEC, which CPW asserted would reduce the impacts of the SFEC on the environment and local residents.
In a determination dated March 18, 2021, the Commission granted the CECPN application, finding that the SFEC, as proposed by SFW, would provide clean, renewable, and reliable electricity to thousands of residents and businesses on Long Island while minimizing any potential adverse impacts. The Commission adopted SFW's preferred Beach Lane route for the SFEC, finding that CPW's proposed alternative routes were not feasible, and that the Beach Lane route, coupled with the imposition of mitigating conditions, satisfied the requirements for a CECPN.
Subsequently, CPW petitioned the Commission for a rehearing of SFW's CECPN application, pursuant to Public Service Law §§ 22 and 128(1) and 16 NYCRR 3.7(a). In a determination dated August 12, 2021, the Commission denied CPW's rehearing petition.
CPW commenced this proceeding pursuant to Public Service Law § 128 and CPLR article 78 to review the determination dated August 12, 2021, on the ground, inter alia, that adoption of the Beach Lane route over any one of CPW's proposed alternate routes was arbitrary and capricious and not based upon substantial evidence in the record.
Pursuant to Public Service Law § 126(1), the Commission "may not grant a certificate for the construction or operation of a major utility transmission facility, either as proposed or as modified by the commission, unless it shall find and determine:
"(a) the basis of the need for the facility;
"(b) the nature of the probable environmental impact;
"(c) that the facility avoids or minimizes to the extent practicable any significant adverse environmental impact, considering the state of available technology and the nature and economics of the various alternatives, and other pertinent considerations including but not limited to, the effect on agricultural lands, wetlands, parklands and river corridors traversed;
. . .
"(e) in the case of an electric transmission line, (1) what part, if any, of the line shall be located underground; (2) that such facility conforms to a long-range plan for expansion of the electric power grid of the electric systems serving this state and interconnected utility systems, which will serve the interests of electric system economy and reliability;
. . .
"(h) that the facility will serve the public interest, convenience, and necessity."
Pursuant to Public Service Law § 128(1), a party aggrieved by any order issued on an application for a CECPN may seek judicial review with the Appellate Division in a CPLR article 78 proceeding. Pursuant to Public Service Law § 128(2), "[t]he grounds for and the scope of review of the court shall be limited to whether the order of the commission and opinion, if any, is (a) in conformity with the constitution and the laws of the state and the United States, (b) supported by [*3]substantial evidence in the record or by information properly considered in the opinion, (c) within the commission's statutory jurisdiction or authority, (d) made in accordance with procedures set forth in this article or established by rule or regulation of the commission, (e) arbitrary, capricious or an abuse of discretion."
"Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Lau v NYC DOB, 209 AD3d 858, 859, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Entergy Nuclear Power Mktg., LLC v New York State Pub. Serv. Commn., 122 AD3d 1024). Although there may be substantial evidence on both sides of an issue disputed before an administrative agency, under the substantial evidence standard, reviewing courts do not weigh the conflicting evidence or decide if they find the evidence convincing (see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 169 AD3d 1334, 1335). "'Administrative action is arbitrary when it is without a sound basis in reason and is taken without regard to the facts'" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 69, quoting Wander v St. John's Univ., 147 AD3d 1009, 1010; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-232). "'Judicial review of administrative determinations is confined to the facts and record adduced before the agency'" (Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 978, quoting Matter of Yarbough v Franco, 95 NY2d 342, 347).
CECPN applications are "within the expertise of the [Commission] to determine, and great deference should be given to the [Commission]" when reviewing a determination by the Commission granting a CECPN application (Matter of CNG Transmission Corp. v New York State Pub. Serv. Commn., 185 AD2d 671, 672).
Upon our review of the administrative record before us, we find that the Commission's March 18, 2021 determination granting SFW's CECPN application for the SFEC was supported by substantial evidence and was neither arbitrary nor capricious (see Matter of Entergy Nuclear Power Mktg., LLC v New York State Pub. Serv. Commn., 122 AD3d at 1024). The Commission considered, among other things, potential PFAS impacts and imposed appropriate mitigation, considered and thoroughly mitigated the SFEC project's construction impacts, carefully considered all proposed routes and rationally concluded that the Beach Lane route minimized adverse impacts to the greatest practicable extent, and rationally determined that the SFEC project conformed to existing long-range plans for expansion of the electric grid (see Public Service Law § 126[1]).
Pursuant to Public Service Law § 22, "[a]fter an order has been made by the commission any corporation or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein . . . ; and the commission shall grant and hold such a rehearing if in its judgment sufficient reason therefore be made to appear." "Rehearing may be sought only on the grounds that the Commission committed an error of law or fact or that new circumstances warrant a different determination. A petition for rehearing shall separately identify and specifically explain and support each alleged error or new circumstance said to warrant rehearing" (16 NYCRR 3.7[b]). The Commission's decision to grant or deny a rehearing is a matter of discretion, which is reviewable in a CPLR article 78 proceeding brought in the Appellate Division, and will generally not be disturbed unless the Commission is found to have abused its discretion (see Public Service Law § 128[1]; Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284).
Here, the Commission did not abuse its discretion by denying CPW's petition for a rehearing of SFW's CECPN application (see Public Service Law § 128[1]; Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284; Matter of Incorporated Vil. of E. Williston v Public Serv. Commn. of State of N.Y., 153 AD2d 943; Matter of Columbia Gas of N.Y., Inc. v Public Serv. Commn. of State of N.Y., 118 AD2d 305).
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court