Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings (2023 NY Slip Op 04985)

Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings

2023 NY Slip Op 04985

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05778
 (Index No. 700630/21)

[*1]In the Matter of 147-25 Northern Associates, LLC, petitioner, 
v
New York City Office of Trials and Hearings, et al., respondents.

Korsinsky & Klein, LLP, Brooklyn, NY (Avi Lew and Michael Korsinsky of counsel), for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Jonathan Schoepp-Wong of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings dated September 10, 2020. The determination affirmed so much of a determination of a hearing officer dated January 23, 2020, as, after a hearing, upon a finding that the petitioner violated Administrative Code of the City of New York § 28-210.3, directed the petitioner to pay a civil penalty of $1,000 per day for a period of 39 days.
ADJUDGED that the determination dated September 10, 2020, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner is the owner of a multiple dwelling in Queens. On November 8, 2019, the New York City Department of Buildings issued a summons to the petitioner, alleging that the petitioner violated Administrative Code of the City of New York § 28-210.3 by illegally converting dwelling units classified as permanent residences into short-term rentals. After a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH), a hearing officer issued a determination dated January 23, 2020, which, inter alia, found that the petitioner violated Administrative Code § 28-210.3 and directed the petitioner to pay a civil penalty of $1,000 per day for a period of 39 days from November 9, 2019, to December 17, 2019, which was the date the violation was corrected according to a sworn certificate of correction of the petitioner's owner. The petitioner filed an administrative appeal from so much of the determination dated January 23, 2020, as imposed a civil penalty of $1,000 per day for a period of 39 days, contending that the violation of Administrative Code § 28-210.3 was cured almost immediately after the petitioner received notice of the violation and, therefore, the daily penalties should be limited to only two days. In a determination dated September 10, 2020, OATH affirmed so much of the determination dated January 23, 2020, as directed the petitioner to pay a civil penalty of $1,000 per day for a period of 39 days.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated September 10, 2020. In an order dated July 28, 2021, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that it raises the issue of whether the determination, made after a hearing, is supported by substantial evidence.
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844 [internal quotation marks omitted]; see CPLR 7803[4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652, quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499).
Here, contrary to the petitioner's contention, OATH's determination directing the petitioner to pay a civil penalty of $1,000 per day for a period of 39 days from November 9, 2019, to December 17, 2019, was supported by substantial evidence, including the sworn statement by the petitioner's owner in the certificate of correction identifying December 17, 2019, as the date the violation was corrected (see Matter of Lau v NYC DOB, 209 AD3d 858, 859; Matter of Betty & Lily Corp. v City of N.Y. Off. of Admin. Trials & Hearings, 172 AD3d 632). Further, as judicial review of administrative determinations is confined to the facts and record adduced before the agency (see Matter of Evans v New York City, 94 AD3d 885, 887), the petitioner's reliance upon evidence that it did not introduce at the hearing is improper (see Matter of Read v Egan, 173 AD3d 872, 874).
The petitioner's remaining contention is without merit.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court