Matter of Diner v New York City Dept. of Hous. Preserv. & Dev. (2025 NY Slip Op 02589)

Matter of Diner v New York City Dept. of Hous. Preserv. & Dev.

2025 NY Slip Op 02589

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-02716
 (Index No. 505040/20)

[*1]In the Matter of Mikhail Diner, et al., petitioners,
v
New York City Department of Housing Preservation and Development, et al., respondents. JSS Law, P.C., New York, NY (Jay S. Sahni of counsel), for petitioners.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Jonathan A. Popolow of counsel), for respondent New York City Department of Housing Preservation and Development.
Gallet Dreyer & Berkey, LLP, New York, NY (Michelle P. Quinn of counsel), for respondent Luna Park Housing Corporation.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated January 9, 2020, which, after a hearing, granted the application of the respondent Luna Park Housing Corporation for a certificate of eviction against the petitioners authorizing it to commence a proceeding to evict the petitioners from a certain apartment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed, on the merits, with one bill of costs to the respondents.
On January 9, 2020, a hearing officer of the New York City Department of Housing Preservation and Development (hereinafter HPD) issued a determination, after a hearing, granting the application of Luna Park Housing Corporation (hereinafter Luna Park), a Mitchell-Lama housing company, for a certificate of eviction against the petitioners, Mikhail Diner and Tamara Diner, authorizing it to commence a proceeding to evict the petitioners from a certain apartment based upon the submission of fraudulent documentation in support of the petitioners' claimed succession rights thereto.
On February 27, 2020, the petitioners commenced this proceeding in the Supreme Court, Kings County, pursuant to CPLR article 78 to annul HPD's determination. In an order dated March 2, 2021, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) for determination.
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Rabinovich v Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y., 107 AD3d 1002, 1002 [internal quotation marks omitted]). "Substantial evidence means [*2]such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. While substantial evidence is more than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844-845 [citations and internal quotation marks omitted]). The substantial evidence standard, "'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d 684, 686, quoting Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652 [internal quotation marks omitted]). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595 [internal quotation marks omitted]; see Matter of Citizens for the Preserv. of Wainscott, Inc. v New York State Pub. Serv. Comm., 216 AD3d 769, 772).
Here, there was substantial evidence at the hearing to support HPD's determination that the petitioners were not entitled to succession rights to the subject apartment and, therefore, that Luna Park was entitled to a certificate of eviction against the petitioners authorizing it to commence a proceeding to evict the petitioners from the apartment (see 28 RCNY 3-02[p][3]; Matter of Rabinovich v Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y., 107 AD3d at 1002).
Contrary to the petitioners' contention, a statutory presumption of a retaliatory eviction pursuant to Real Property Law § 223-b(5)(a) was not applicable here, where the petitioners failed to make "[a] good faith complaint . . . to a governmental authority of the landlord's violation of any health or safety law, regulation, code, or ordinance, or any law or regulation which has as its objective the regulation of premises used for dwelling purposes or which pertains to the offense of rent gouging in the third, second or first degree," within six months prior to the commencement of the administrative proceeding to evict the petitioners (id.; cf. Matter of Kirkview Assoc. LP v Amrock, 160 AD3d 1108, 1109). Moreover, "HPD is statutorily required to enforce the Mitchell-Lama Law and regulations regardless of any actions or acquiescence by [the housing company]" (Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 778).
"[J]udicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d at 686; see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 978). Accordingly, the petitioners' reliance upon evidence not referred to by the hearing officer and not introduced at the hearing is improper (see Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d at 686).
The petitioners' remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court